THE LONG ISLAND RAILROAD COMPANY, APPELLANT,
    *v.* JAMES BENNETT AND OTHERS, COMMISSIONERS OF HIGH-
    WAYS, ETC., AND OTHERS, RESPONDENTS.

*Chap.* 287 *of* 1874 — *constitutionality of* — *Right of eminent domain* — *notice to persons affected by exercise of* — *Damages* — *measure of* — *assessment of* — *upon property benefited.*

APPEAL from a judgment at Special Term in favor of the defendants.

The action was brought to restrain the defendants from opening and grading Front street, between West First and West Second streets, in Long Island City, and from assessing upon or collecting from the property or premises of the plaintiff the damages or

expenses of opening said street, and to have the act of the legislature under which the defendants claim authority to act, viz., an act entitled "An act to provide for the opening of Front street, in Long Island City, Queens county," passed April 29, 1874, and the acts of the defendants thereunder declared unconstitutional and void, and said defendants restrained from exercising any authority sought to be conferred by said act.

This act, by its terms, authorizes the commissioners of highways of Long Island City to open said street, authorizes the application for appointment of commissioners to assess the damages, and directs the damages and expenses of grading to be assessed upon and collected from the lands adjoining benefited thereby, and paid out to the parties entitled thereto.

The court at General Term said: "The proceedings, in this case, to take the land are expressly authorized by chapter 287 of the Laws of 1874, but the validity of that statute is assailed on the ground that it violates the Constitution; because, first, it contains no provision requiring notice to be given of the application for the appointment of commissioners to appraise the land taken for the improvement, and to impose the assessment for the expense thereof; second, the area of assessment is limited to the lands adjoining benefited by the improvement, and the amount of the assessment is not restricted to the amount of benefit which said lands will derive from the improvement; and third, it does not provide, with sufficient certainty, for the payment of the compensation to be awarded for the property taken.

We think neither of these objections is well taken. The Constitution does not require notice of the application for the appointment of commissioners. It appears, however, that notice was given by publication and the plaintiff appeared. That was a waiver of the objection and rendered it unavailing. (*Dyckman* v. *The Mayor*, 5 N. Y., 441; *People* v. *Quigg*, 59 id., 83.)

The court below has found that the plaintiffs are the sole owners of the land adjoining the street to be opened, and the statute cited provides that the damages which they will sustain by the taking of their land for the street, together with the expense of grading the street, shall be assessed upon such adjoining lands. This, I agree, is a hard mode of making compensation; but, if lawful, it must be

certain and adequate. That it is lawful seems to be settled in this State. (*Livingston* v. *The Mayor*, 8 Wend., 85.) In that case it was held, by the late Court for the Correction of Errors, that the benefit, accruing to a person whose land was taken for a street, might be set off against the loss or damage sustained by him by the taking of his property; and, if equal to the damage or loss, it was a just compensation for the property taken to the extent of such benefit. In this case the plaintiff's damages must be so much less than the benefit which they will derive from the improvement, as the amount it will cost to grade the street."

*Vanderpoel, Green & Cuming,* for the appellant. *Edgar M. Cullen,* for the respondents.

Opinion by GILBERT, J.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.